709 F.2d 520
 98 Lab.Cas. P 10,347
 Freeman M. ROBERTS, Verne W. Dahnke, Ray E. Ehly, William A.
Floyd, Winton Kemmis, Jerald B. Laird, John C. Maxwell, C.W.
Poss, Alexander Rados, William A. Cobb, Jr., William
Schmidt, Frank L. Todd, Dale I. Vawter, and William C.
Waggoner, each in his respective capacity as Trustee of the
Operating Engineers Health and Welfare Fund; William A.
Cobb, Jr., Verne W. Dahnke, Ray E. Ehly, William A. Floyd,
Edwin Kalish, Winton Kemmis, John C. Maxwell, Alexander
Rados, Freeman M. Roberts, Dean Sweeney, Jr., Frank L. Todd,
Dale I. Vawter, and William C. Waggoner, each in his
respective capacity as Trustee of the Operating Engineers
Pension Trust; William A. Cobb, Jr., Ray E. Ehly, William
A. Floyd, Winton Kemmis, Jerald B. Laird, Donald McCoy,
Alexander Rados, Freeman M. Roberts, Dean Sweeney, Jr.,
Frank L. Todd, Dale I. Vawter and William C. Waggoner, each
in his respective capacity Trustee of the Vacation- Holiday
Savings Trust; Steve Billy, Kenneth J. Bourguignon, Ray E.
Ehly, William A. Floyd, Winton Kemmis, Robert Lytle, Donald
MacIntosh, Freeman M. Roberts, William Schmidt, Frank L.
Todd, Dale I. Vawter, and William C. Waggoner, each in his
respective capacity as Trustee of the Operating Engineers
Training Trust, Plaintiffs-Appellants,
v.
Ralph G. AYALA, Sr. and Ralph G. Ayala, Jr., individually
and partners doing business as A-1 Boring Co. and
Low Hydro Welding Co., Defendants-Appellees.
 No. 80-5650.
 United States Court of Appeals,
Ninth Circuit.
 Argued July 16, 1981.
Submitted May 18, 1983.
Decided June 9, 1983.
 
 Christopher M. Laquer, Jett, Clifford & Laquer, Los Angeles, Cal., for plaintiffs-appellants.
 Richard B. Andrade, Santa Ana, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before ANDERSON, NELSON and NORRIS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Recent decisions of the United States Supreme Court and of this court are controlling authority that appellants' action under section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185(a) (Supp. III 1976), seeking to enforce the terms of a Sec. 8(f) prehire agreement, 29 U.S.C. Sec. 158(f) (Supp. III 1976), may not be dismissed for lack of subject matter jurisdiction on either of the two grounds asserted by appellees in their motion to dismiss.
 
 
 2
 In Jim McNeff, Inc. v. Todd, --- U.S. ----, 103 S.Ct. 1753, 75 L.Ed.2d 830 (1983), the Supreme Court held that a Sec. 8(f) agreement is judicially enforceable under Sec. 301 prior to repudiation even absent proof that the union represented a majority of the employees. In Brotherhood of Teamsters, Local No. 70, v. California Consolidators, Inc., 693 F.2d 81 (9th Cir.1982), our court held that Sec. 301 grants the district court jurisdiction to decide whether employers constitute a single employer, although not to determine the appropriateness of the bargaining unit. California Consolidators is therefore controlling authority that the district court has jurisdiction to decide whether Low Hydro is bound to the prehire agreement signed by A-1 Boring. This issue is primarily contractual, not representational. Id. at 83, n. 4.
 
 
 3
 In remanding the case to the district court, we express no view on the question whether appellees effectively repudiated the prehire agreement. The record before us does not indicate whether appellees took any appropriate action to repudiate the agreement. Accordingly, it is unnecessary to decide at this time "what specific acts would effect the repudiation of a prehire agreement ..." Jim McNeff, Inc. v. Todd, --- U.S. at ----, n. 11, 103 S.Ct. at 1759, n. 11.[1]
 
 
 4
 REVERSED and REMANDED.
 
 
 
 [1]
 Though the panel in McNeff did comment on this question, Todd v. Jim McNeff, Inc., 667 F.2d 800, 804 (9th Cir.1982), it did so only in dictum. Should the district court on remand find it necessary to decide the question, it may wish to invite the views of the NLRB as amicus curiae