**OPERATING ENGINEERS PENSION TRUST, et al., Plaintiffs-Appellants and Cross-Appellees,**

v.

**Harold E. REED, etc., et al., Defendants-Appellees and Cross-Appellants.**

Nos. 83–5782, 83–5844.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 1983.

Decided Feb. 17, 1984.

**514**

Wayne Jett, Brian Ray Hodge, Jett, Clifford & Laquer, Los Angeles, Cal., for plaintiffs-appellants and cross-appellees.

Chester A. Barchiesi, Barchiesi & Barbara, Woodland Hills, Cal., for defendants-appellees and cross-appellants.

Before SNEED, KENNEDY and SCHROEDER, Circuit Judges.

KENNEDY, Circuit Judge:

The Operating Engineers Pension Trust (Trust), initiated this action in district court under 29 U.S.C. §§ 1132(g), 1145 (Supp. V 1981) to recover unpaid contributions. The defendant below, Hal Reed, ran a construction crane business as a sole proprietorship. In August 1979 Reed incorporated his business as Hal's Crane Co. Hal's Crane Co. acquired all of the assets and assumed all of the liabilities of Reed's business. Prior to incorporation, Reed had signed a collective bargaining agreement which obligated him to make certain payments to the Trust. Upon its creation Hal's Crane Co. assumed identical duties.

After trial the district court found that Reed and Hal's Crane Co. had failed to make payments to the Trust, as required under the collective bargaining agreement. The district court granted judgment against Reed and Hal's Crane Co., jointly and severally. In addition to the unpaid contributions, the district court awarded the trust audit costs and liquidated damages; but, the court refused to grant the Trust either interest on the moneys not paid or attorney's fees.

On appeal the Trust alleges that it should have been granted both interest on the moneys withheld and attorney's fees. Reed cross-appeals, contending he should not be held to be jointly and severally liable for moneys which came due after Hal's Crane Co. came into existence and took over the business. We have jurisdiction under 28 U.S.C. § 1291.

### I.

The court should have awarded to the Trust its attorney's fees and interest on the moneys withheld. The plain language of 29 U.S.C. § 1132(g)(2), as amended in 1980, reads: "the court *shall* award the plan—... (B) interest on the unpaid contributions ... [and] (D) reasonable attorney's fees and costs of the action, to be paid by the defendant ..." (emphasis added). The mandatory nature of the prescription is underscored by the fact that in actions other than those under § 1132(g)(2), attorney's fees are discretionary only. *See* 29 U.S.C. § 1132(g)(1). We have recognized that attorney's fees are no longer discretionary in § 1132(g)(2) cases. *Kemmis v. McGoldrick,* 706 F.2d 993, 997–98 (9th Cir.1983); *San Pedro Fishermen's Welfare Trust Fund v. DiBernardo,* 664 F.2d 1344, 1346 (9th Cir. 1982).

Reed argues that the district court was entitled to find that zero was a reasonable amount of attorney's fees because there was no bad faith on the part of the defendants and because attorney's fees would be unreasonably oppressive. The argument is without merit. Reed's interpretation would eliminate all distinction between discretionary and mandatory attorney's fees grants. The term "reasonable" applies to the amount of attorney's fees, not to their availability. That reasonable attorney's fees *shall* be granted denies the court

discretion to determine whether or not it is appropriate to award attorney's fees in the particular case. The only support Reed puts forward for his position is *Hummell v. S.E. Rykoff & Co.,* 634 F.2d 446 (9th Cir. 1980). *Hummell,* however, sets forth the standards for determining whether or not attorney's fees should be granted under the discretionary standard which applied prior to the amendment of § 1132 in 1980.

The judgment is therefore remanded for the award of attorney's fees and interest to the Trust.

## II.

Reed argues that Hal's Crane Co. assumed all his obligations under the contract and relieved him of any liability for unpaid contributions arising after Hal's Crane Co. came into existence. The later contributions are most of the amount in question. The trust agreement applies only to "employers." Upon incorporation Reed ceased to be the employer, and Hal's Crane Co. became the employer in question. Hal's Crane Co. alone should, absent special circumstances, be responsible for the unpaid contributions after it became the employer. *See Seymour v. Hull & Moreland Engineering,* 605 F.2d 1105, 1113–14 (9th Cir.1979) (corporation as valid successor to partnership relieved partnership of all liability unless partnership employed someone in its own name).

■ The Trust argues that Reed should continue to be treated as the employer in question because of the substantial identity of Reed and Hal's Crane Co. The Trust points to Reed's status as majority shareholder and chief executive officer of Hal's Crane Co. and seeks to invoke cases which allow the determination that two separate legal entities are actually a single employer for the purposes of the Labor-Management Relations Act. *E.g. NLRB v. Don Burgess Construction Corp.,* 596 F.2d 378 (9th Cir.), *cert. denied,* 444 U.S. 940, 100 S.Ct. 293, 62 L.Ed.2d 306 (1979). Such cases address the question of when the employees of technically distinct legal entities should be treated as constituting only one bargaining unit for labor purposes. In such cases, both business entities have always been actual employers. *See, e.g., J.M. Tanaka Construction, Inc. v. NLRB,* 675 F.2d 1029 (9th Cir.1982); *NLRB v. Lantz,* 607 F.2d 290 (9th Cir.1979). In this case Reed ceased direct employment of anyone upon the creation of Hal's Crane Co. The *Burgess* doctrine is inappropriate in this context.

■ The proper standard for determining when an individual will be held personally liable for the trust fund obligations of a corporation controlled by that individual is set forth in *Audit Services, Inc. v. Rolfson,* 641 F.2d 757, 764 (9th Cir.1981). *See also Seymour v. Hull & Moreland Engineering,* 605 F.2d 1105, 1109–14 (9th Cir.1979). An owner of a corporation will be held personally liable for trust fund contributions if (1) there is little or no respect shown to the separate identity of the corporation; (2) recognition of the corporation as a separate entity would result in injustice to the litigants; and, (3) there was a fraudulent intent behind the incorporation. *Id.* at 1111.

■ There was no evidence adduced at trial which would allow the district court to conclude that these three factors were present. The district court therefore erred in holding Reed jointly liable for trust fund contribution obligations which arose after Hal's Crane Co. came into being.

The judgment of joint and several liability against Reed is therefore reversed and remanded to the district court for a determination of the contributions for which Reed was responsible before the corporation succeeded to the business, and judgment against Reed is limited to that amount.[1]

REVERSED IN PART and REMANDED.

---

1. The joint and several liability of Hal's Crane Co. has not been contested on appeal and is not in issue.