No. 83–1755.   BROTHERHOOD OF TEAMSTERS, LOCAL NO. 70 v. CALIFORNIA CONSOLIDATORS, INC.   C. A. 9th Cir.   Certiorari denied.

JUSTICE WHITE, with whom JUSTICE O'CONNOR joins, dissenting.

In *South Prairie Construction Co.* v. *Operating Engineers*, 425 U. S. 800 (1976) *(per curiam)*, this Court held that a Federal Court of Appeals did not have jurisdiction to decide the appropriateness of a bargaining unit in the first instance, but should have allowed the National Labor Relations Board to make an initial determination. Because two Courts of Appeals have adopted inconsistent interpretations of *South Prairie*, I dissent from the denial of certiorari.

In *South Prairie*, a union that represented the employees of one company had filed a complaint with the Board contending that its collective-bargaining agreement should cover the employees of a second company because the two companies actually constituted a "single employer" within the National Labor Relations Act. The Board concluded that the two companies were in fact separate employers, and dismissed the complaint. On appeal, the Court of Appeals for the District of Columbia Circuit set aside this determination. It then went on to reach and decide a second question, which had not been passed on by the Board: whether the employees of the two companies constituted the appropriate unit under § 9(b) of the Act for purposes of collective bargaining. Section 9(b) directs the Board to "decide in each case whether . . . the unit appropriate for the purposes of collective bargaining shall be the employer unit, craft unit, plant unit, or subdivision thereof." 61 Stat. 143, 29 U. S. C. § 159(b). We held that the Court of Appeals had erred when it took upon itself the initial determination of this issue:

> "In foreclosing the Board from the opportunity to determine the appropriate bargaining unit under § 9, the Court of Appeals did not give 'due observance [to] the distribution of authority made by Congress as between its power to regulate commerce and the reviewing power which it has conferred upon the courts under Article III of the Constitution.' *FCC* v. *Pottsville Broadcasting Co.*, 309 U. S. 134, 141 (1940)." 425 U. S., at 806.

In the present case, the Court of Appeals interpreted this language to mean that a federal court is precluded from deciding the appropriateness of a bargaining unit even when the question has never been presented to the Board. The union in this case had proceeded directly into federal court under § 301(a) of the Labor

Management Relations Act, 29 U. S. C. § 185(a). It alleged that the company whose employees it represented and another company constituted a "single employer," and sought a declaratory judgment that the second company was bound by the union's collective-bargaining agreement with the first company. The District Court determined that it lacked jurisdiction to adjudicate this complaint. The Court of Appeals held that *South Prairie* necessarily implied that "single employer questions comprise two subsidiary issues": whether two companies constitute a single employer, and whether the employees form a single or appropriate bargaining unit. 693 F. 2d 81, 82 (1982). Section 301 granted district courts jurisdiction to determine the first of these questions, but not the second. The appropriateness of a bargaining unit was a "representational question reserved in the first instance to the Board." *Id.*, at 84. Accordingly, the Court of Appeals remanded to the District Court for an evidentiary hearing on the single employer issue only.

Two days later, a panel of the Court of Appeals for the Fifth Circuit reached a contrary conclusion in a similar case. *Carpenters Local Union No. 1846* v. *Pratt-Farnsworth, Inc.*, 690 F. 2d 489 (1982), cert. denied, 464 U. S. 932 (1983). The Fifth Circuit read *South Prairie* as being limited to the situation in which two claims are initially presented to the Board and only one of them is decided there. In the Fifth Circuit's view, *South Prairie* did not preclude a federal court with jurisdiction under § 301 from determining whether a bargaining unit is appropriate, where such a determination was necessary to a resolution of the underlying breach-of-contract issue. Because neither party had petitioned the Board to determine the appropriateness of the bargaining unit in *Pratt-Farnsworth*, the Fifth Circuit remanded the case to the District Court for consideration of the question. The Court of Appeals found support for this disposition in decisions of this Court upholding the jurisdiction of federal courts under § 301 even in the face of the Board's exclusive jurisdiction to consider allegations of unfair labor practices. The bargaining unit issue, the Fifth Circuit concluded, was a "collateral issue" that was essential to the determination of a breach-of-contract claim under § 301. Cf. *Connell Construction Co.* v. *Plumbers & Steamfitters*, 421 U. S. 616, 626 (1975) (federal courts may decide unfair labor practice questions that emerge as collateral issues under the antitrust laws).

These two decisions are in square conflict. Although the conflict is now limited to two Circuits, these Circuits are very large Circuits indeed, and the issue will surely arise elsewhere. The Eighth Circuit, addressing the narrower question whether a federal court may determine the appropriateness of a bargaining unit under § 301 after the Board has made such a determination in a prior administrative proceeding, has read *South Prairie* broadly, as did the Ninth Circuit in this case. *Local Union 204 of International Brotherhood of Electrical Workers, Affiliated with AFL–CIO* v. *Iowa Electric Light and Power Co.*, 668 F. 2d 413 (1982). The Eighth Circuit drew the line "between those cases where the district court has jurisdiction under section 301 and those in which it does not" by "examining the major issues to be decided as to whether they can be characterized as primarily representational or primarily contractual." *Id.*, at 419. It characterized the determination of an appropriate bargaining unit as a representational question committed to the jurisdiction of the Board.

I would grant certiorari to resolve the conflict between the Fifth and Ninth Circuits, and to avert the wider conflict that will likely arise in the wake of these inconsistent decisions.