**NORTHWEST ADMINISTRATORS,
INC., Plaintiff-Appellant,**

v.

**CON IVERSON TRUCKING, INC.,
Defendant-Appellee.**

Nos. 83–4238, 83–4304.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 8, 1984.

Decided Dec. 21, 1984.

Louis B. Reinwasser, Seattle, Wash., for plaintiff-appellant.

James Salter, Seattle, Wash., for defendant-appellee.

Before ANDERSON, SKOPIL and BOOCHEVER, Circuit Judges.

BOOCHEVER, Circuit Judge:

Northwest Administrators, an administrative agency and assignee of several employee trust funds, brought this action under the National Labor Relations Act (NLRA) and the Employment Retirement Income Security Act (ERISA) seeking to recover delinquent contributions allegedly owed by Con Iverson Trucking, Inc. under a construction industry prehire collective bargaining agreement. The district court dismissed for lack of subject matter jurisdiction, holding that the doctrine of primary jurisdiction requires that the dispute be decided by the NLRB. We reverse and remand.

## FACTS

On April 14, 1977, Con Iverson, as a sole proprietorship, entered into a multi-employer construction industry prehire agreement with the Teamsters requiring payment of benefit contributions to the trust funds. On July 6, 1979, Iverson incorporated and ceased making trust fund contributions. Representatives of the trust funds conducted an audit of the individual and corporate payroll records covering a time period from November 1977 to March 1981. Based on the audit, Northwest Administrators brought the instant action seeking to recover allegedly delinquent contributions.

Con Iverson Trucking, Inc., in defense, contended that as a corporate entity it was not the successor or alter-ego of Con Iverson sole proprietorship and that, in any event, it had repudiated the agreement. The district court dismissed, invoking the doctrine of primary jurisdiction. The court reasoned that resolving the dispute would require it to decide what constituted the appropriate bargaining unit of Con Iverson employees and whether the union had majority status in the unit, matters the court believed should be decided by the NLRB. The court also denied a motion by Con Iverson seeking attorney's fees. Con Iverson cross appeals the district court's denial of fees. Both parties seek attorney's fees for their efforts on appeal.

## DISCUSSION

Usually district courts have no jurisdiction to decide representational issues and must leave them for decision by the NLRB. *See South Prairie Construction Co. v. Local No. 627, International Union of Operating Engineers,* 425 U.S. 800, 96 S.Ct. 1842, 48 L.Ed.2d 382 (1976) (per curiam) (in reviewing dismissal by NLRB of unfair labor practice charge based on theory two businesses constituted a single employer, court of appeals was required to remand to NLRB for initial determination of appropriate unit); *Brotherhood of Teamsters Local No. 70 v. California Consolidators, Inc.,* 693 F.2d 81, 83 (9th Cir. 1982) (per curiam) (in section 301 action seeking declaratory judgment that company was bound to collective bargaining agreement, court had jurisdiction to determine whether entities constituted a single employer but could not declare company bound to the agreement because it would

require determination of the appropriate unit); *Local No. 3–193 International Woodworkers of America v. Ketchikan Pulp Co.,* 611 F.2d 1295, 1301 (9th Cir. 1980). Because of the nature of construction industry prehire agreements, however, the district court erred in concluding that it need necessarily decide representational issues in the case at bar.

 Prehire agreements under section 8(f) of the NLRA, 29 U.S.C. § 158(f), are exempt from the general rule precluding a union from entering a collective bargaining agreement with an employer when it does not represent a majority of the affected employees, although a prehire agreement is subject to repudiation until the union establishes majority status. *Jim McNeff, Inc. v. Todd,* 461 U.S. 260, 103 S.Ct. 1753, 75 L.Ed.2d 830 (1983). Monetary obligations assumed by an employer under a prehire agreement prior to repudiation may be recovered in an action under section 301 of the National Labor Relations Act, 29 U.S.C. § 185, even though the union has failed to obtain majority status in the relevant unit. *Id.*

 Before considering the existence of potential representational issues, the district court should have decided two potentially dispositive questions which do not concern representation. First, the court should have determined whether the Con Iverson Trucking, Inc. was in fact a successor or alter-ego which could be bound by the agreement entered by the Con Iverson sole proprietorship. District courts have jurisdiction under section 301 to make such determinations. *See Roberts v. Ayala,* 709 F.2d 520 (9th Cir.1983) (per curiam); *California Consolidators,* 693 F.2d at 83.[1] Second, if it concluded the corporation could be bound as a successor, the court should have determined whether the corporation ever effectively repudiated the agreement. Absent an effective repudia-

tion, the trust funds could recover even if the union did not represent a majority of the employees in an appropriate unit. *Jim McNeff, Inc. v. Todd,* 103 S.Ct. 1753. We remand to the district court for consideration of these issues.

Because we reverse and remand, we need not decide Con Iverson's claims to attorney's fees. Northwest Administrators is not presently entitled to fees under ERISA, because it has yet to recover a judgment in favor of the trusts. *See* 29 U.S.C. § 1132(g)(2).

REVERSED and REMANDED.

---

**1.** The facts of this case differ significantly from those in *Carpenters Union Local No. 4178 v. Neal Stevens,* 743 F.2d 1271 (9th Cir.1984). There, this court reversed confirmation of an arbitrator's award which found that two companies constituted a single employer despite the existence of a prior NLRB determination that the companies were not a single employer. In the case at bar there has been no prior NLRB proceedings.