IT IS FURTHER ORDERED that defendants shall pay the costs of this litigation.

Charles E. VERNAU, Sr., and Carl C. Huber, etc., et al., Plaintiffs,

v.

BOWEN ENTERPRISES, INC., d/b/a Indiana Shop 'N Save, Defendant.

Civ. A. No. 84–2698.

United States District Court, W.D. Pennsylvania.

Oct. 15, 1986.

Joseph A. Vater, Jr., Pittsburgh, Pa., for plaintiffs.

Timothy P. O'Reilly, Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

This is an action by trustees of a union's pension, health and legal funds, pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132, § 1145, to recover contributions from defendant employer which plaintiffs contend are due the funds. This matter is before us on plaintiffs' motion for partial summary judgment and on several ancillary motions by defendant.

The union and defendant employer were parties to several successive collective bargaining agreements which included provisions requiring defendant employer to make certain contributions to the employee benefit funds.[1] After a series of audits conducted by the Funds which identified alleged underpayments of contributions, this suit was instituted. The underpayments are alleged to have arisen on several different issues which we now address seriatim.

### 1. Vacation Hours

Plaintiffs first contend that defendant failed to make contributions to the Pension Fund and Legal Fund for hours paid as vacation time. The collective bargaining agreements plainly state that contributions are to be made to the Pension and Legal Fund for "all hours paid for or on behalf of each employee." There is no exclusion of vacation hours, and the provision as quoted above is unambiguous. Defendant does

---

1. For ease of reference we will refer to the Pension Fund, Health Fund and Legal Fund collectively as the Funds, unless the discussion requires reference to a specific fund.

not raise any contrary argument and cites no contrary provision of the contract.

Summary judgment on this claim is therefore appropriate, and amounts due, computed by plaintiffs and unchallenged by defendant are:

#### Pension Fund

| | |
|---|---|
| Contributions | $1,959.16 |
| Interest | 387.64 |
| Total | $2,346.80 |

#### Legal Fund

| | |
|---|---|
| Contributions | $ 583.56 |
| Interest | 119.76 |
| Total | $ 703.32 |

Judgment will therefore be entered in favor of plaintiffs and against defendant on this aspect of the claim.

### 2. Reduced Legal Fund Contributions

The collective bargaining agreement in effect from 10/31/78 to 10/31/81 required defendant to contribute 7¢ per hour to the employees' Legal Fund. However, by an undated letter the fund's trustees permitted defendant to reduce its contributions for the period 7/1/81 to 10/31/81 to 4¢ per hour. The Legal Fund now seeks to recover the unpaid balance occasioned by the reduction.

■ Defendant relies on the trustees' letter permitting the reduced contributions. However, it is clear that the trustees are without the power to alter, to the detriment of employees, the terms of the contract between the employer and the designated representative of the employees. *Lewis v. Seanor Coal Co.,* 256 F.Supp. 456, 461 (W.D.Pa.1966) *aff'd* 382 F.2d 437 (3d Cir. 1967); *Lewis v. Mill Ridge Coal, Inc.,* 298 F.2d 552 (6th Cir.1962); *Combs v. Hawk Contracting, Inc.,* 543 F.Supp. 825, 829 (W.D.Pa.1982) (Weber, C.J.). Trustees cannot excuse obligations bargained for and owed to employees, and for which the consideration is the daily toil of those employees. The trustees' purported reduction is therefore without effect.

Defendant contends that summary judgment is inappropriate because their is no evidence concerning the motivation of the trustees, whether the trustees act impaired employees' compensation, or whether the union acquiesced. These arguments are without merit. The trustees' motives are irrelevant: they do not have the power regardless of their motive. The impairment is plain: A loss of 3¢ per man hour worked. Evidence of the union's acquiescence is not the burden of the plaintiffs on summary judgment; it is defendant's and no evidence has been advanced.

The amounts due, computed by plaintiffs and not contested by defendant are:

#### Legal Fund

| | |
|---|---|
| Contributions | $1,532.91 |
| Interest | 252.32 |
| Total | $1,785.23 |

Judgment will be entered in favor of plaintiffs and against defendant on this aspect of the claim.

### 3. Contribution Commencement Date

■ Plaintiffs seek contributions to the Pension Fund which it claims are delinquent because of defendant's miscalculation of the date that benefits are to begin for new employees. Defendant has not contested this issue and summary judgment is appropriate on this record.

The amounts due, computed by plaintiffs and not disputed by defendant, are:

#### Pension Fund

| | |
|---|---|
| Contributions | $ 246.80 |
| Interest | 75.17 |
| Total | $ 321.97 |

Judgment will be entered in favor of plaintiffs and against defendant on this issue.

### 4. Part-Time or Full-Time

Plaintiffs originally sought to recover contributions to the Funds which it claimed were due when a part-time worker exceeded the maximum number of hours permitted part-time workers. Although no formal motion has been filed, plaintiffs' counsel has indicated to the court by letter dated April 25, 1986, that plaintiffs wish to withdraw the claim for such contributions. Defendant raised no objection and plain-

tiffs' claim for such contributions is hereby dismissed with prejudice.

### 5. *Bakers and Lottery Clerks*

Plaintiffs contend that defendant wrongfully failed to make contributions to the Funds for hours worked by defendant's employees at a lottery sales window in the store, and at two separate bakeries which are not located in the store but which supply it. Plaintiffs also seek to recover contributions for other employees within the store who, the defendant contends, are excluded as supervisory personnel.

Defendant points out that the dispute over the status of the lottery sales clerks was the subject of proceedings before the National Labor Relations Board (NLRB) and has now been referred to arbitration by agreement of the parties. The issue in arbitration is whether these employees are "part-time clerks' or "customer service clerks." However, since plaintiffs have abandoned their claim for contributions on part-time employees and because there is no contention that contributions are due for "customer service employees," this question of status, at least as it affects this litigation, is moot.

■ Defendant also advises that the status of the bakery employees is the subject of proceedings before the NLRB to determine whether those employees are within the plaintiffs' bargaining unit. This is a matter within the specialized expertise possessed by the Board and we will therefore stay this aspect of the present action until resolution of the NLRB proceedings.

■ Finally, defendant contends that certain employees for which plaintiffs seek contributions are supervisory personnel and are therefore excluded from the class for which contributions are due. Both parties refer to the same provision, Section 2(a):

(a) *Exclusion from Bargaining Unit*
This provision shall exclude the owner, one (1) grocery manager, one (1) assistant grocery manager, one (1) assistant manager, one (1) produce manager, one (1) meat manager, one (1) bakery manag-

er, one (1) confidential employee, and all guards, *and supervisory personnel* as defined in the National Labor Relations Act. (Emphasis added.)

The question of whether an employee falls within the category of "supervisory personnel" is one of fact, based on such considerations as title, job description and responsibilities. These are factual issues which are not susceptible of disposition on summary judgment, at least not on the present record.

### 6. *Liquidated Damages*

Plaintiffs seek to obtain liquidated damages on all underpayments pursuant to both ERISA, 29 U.S.C. § 1132(g)(2)(C) and the Pennsylvania Wage Payment and Collection Law, 43 Pa.Stat.Ann. § 260.10. Defendant complains that plaintiffs, if entitled to liquidated damages by statute, are entitled to recover under one Act or the other but not both.

Section 1132(g)(2)(C) provides:
(2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 (29 USCS § 1145) in which a judgment in favor of the plan is awarded, the court shall award the plan—
(A) the unpaid contributions,
(B) interest on the unpaid contributions,
(C) an amount equal to the greater of—
  (i) interest on the unpaid contributions, or
  (ii) liquidated damages provided for under the plan in an amount *not in excess of 20 percent (or such percentage as may be permitted under Federal or State law)* of the amount determined by the court under subparagraph (A). (Emphasis added.)

The pertinent provisions are clearly phrased in the disjunctive. Plaintiffs may select liquidated damages in the amount of (a) interest, (b) 20% of unpaid contributions, *or* (c) a higher percentage allowed by state law. There is nothing in the statute or the decisions interpreting it to justify an award of *duplicative* liquidated damages. To the contrary, the purpose of liquidated dam-

ages, deterrence, is served by an award of one measure.

■ The plaintiffs are therefore entitled, in addition to an award of contributions due with interest, to liquidated damages equal to the greater of:

a.) interest, 29 U.S.C. § 1132(g)(2)(C)(i)

b.) 20% of unpaid contributions, 29 U.S.C. § 1132(g)(2)(C)(ii)

c.) 25% of unpaid contributions, 43 Pa. Stat.Ann. § 260.10

d.) $500, 43 Pa.Stat.Ann. § 260.10

From the figures provided by plaintiffs, which are not disputed by defendant, it is apparent that the highest measure of liquidated damages will be 25% of unpaid compensation, provided by 43 Pa.Stat.Ann. § 260.10 and permitted by 29 U.S.C. § 1132(g)(2)(C)(ii). We will therefore employ this as the measure of liquidated damages in this action.

### Conclusion

In accordance with the foregoing, the following amounts are due the Pension Fund:

| | |
|---|---|
| Vacation Hours | $2,346.80 |
| Commencement Dispute | 321.97 |
| Total | $2,668.77 |
| 25% Liquidated Damages | + 667.19 |
| TOTAL DUE | $3,335.96 |

The following amounts are due the Legal Fund:

| | |
|---|---|
| Vacation Hours | $ 703.32 |
| Reduced Contributions | 1,785.23 |
| Total | $2,488.55 |
| 25% Liquidated Damages | + 622.14 |
| TOTAL DUE | $3,110.69 |

All proceedings on plaintiffs' claims for delinquent contributions for bakery employees are stayed until conclusion of the NLRB proceedings. Upon receipt of an award or decision, the parties shall file within 15 days any supplemental motions and a brief memorandum concerning the effect on this litigation.

With regard to plaintiffs' claims for delinquent contributions for store employees who defendant contends are "supervisory personnel," the court will schedule a pretrial conference prefatory to a non-jury trial of this issue.

An appropriate order will be entered.