Charles E. **VERNAU**, Sr., Carl C. Huber, on behalf of themselves as Trustees and the other Trustees of the U.F.C.W. Local 23 and Continuing Pension Fund, Contributing Employers Health Fund, and Contributing Employers Legal Fund

v.

**FRANKSTOWN FOOD A RAMA, INC.**

Civ. A. No. 84–1528.

United States District Court, W.D. Pennsylvania.

Dec. 30, 1986.

Stephen J. Harris, Joseph A. Vater, Jr., Pittsburgh, Pa., for plaintiff.

Timothy P. O'Reilly, Pittsburgh, Pa., for defendant.

OPINION

GERALD J. WEBER, District Judge.

After a non-jury trial in this ERISA action for the recovery of delinquent contributions to employee benefit plans, *both* parties petitioned this court for an award of fees and costs under the Act. 29 U.S.C. § 1132(g).

Plaintiffs, trustees of the employee benefit trusts, had alleged that defendant corporation was the employer responsible for contributions for two separate supermarkets. Following non-jury trial of the issue, we concluded that another separate and distinct corporation, not a party to this litigation, was the employer responsible for contributions at one of the stores. As a result, plaintiff was only able to recover from defendant the contributions due on one store and not the other.

Having recovered at least a portion of the delinquent contributions they sought, plaintiffs petitioned for an award of fees. Having been successful in the defense of a large portion of the claim, defendant also seeks fees.

■ The applicable provision of the Act is at 29 U.S.C. § 1132:

> (g) Attorney's fees and costs; awards in actions involving delinquent contributions
>
> (1) In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs to either party.
>
> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court *shall* award the plan—
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of—
>
> (i) interest on the unpaid contributions, or
>
> (ii) liquidated damages provided for under the plan …
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

(Emphasis added.)

Most noteworthy at the outset is the mandatory nature of subparagraph (2). Where, as here, the trustees obtain a judgment in a suit for delinquent contributions, the award of fees and costs is mandatory. *Kemmis v. McGoldrick,* 706 F.2d 993 (9th Cir.1983); *Operating Engineers Pension Trust v. Reed,* 726 F.2d 513 (9th Cir.1984).

■ The court does retain the discretion to determine the reasonableness of the fee, and the courts have identified the salient factors relevant to such a determination: bad faith; the financial ability of a party to satisfy a fee award; the deterrent effect the award would have; the relative merits of the parties' positions; the common benefit if any to the employee/beneficiaries of the trust. *Miles v. New York State Teamster Conference Pension Fund,* 698 F.2d 593 (2nd Cir.1983); *Hummell v. S.E. Rykoff & Co.,* 634 F.2d 446 (9th Cir.1980); *Kann v. Keystone Resources, Inc.,* 575 F.Supp. 1084 (W.D.Pa.1983).

But we also have here a defendant, successful in defeating the largest portion of the plaintiffs' claim, petitioning for fees, presumably under the court's discretionary authority provided by § 1132(g)(1). There is nothing in § 1132(g)(2) prohibiting an award of fees to the defense, and so we will apply the same factors described above to determine *if* defendant is entitled to fees, and if so, in what amount.

First of all, there is no indication of bad faith on the part of either litigant so this factor has no impact.

There is no evidence of the financial strength of the parties before us. But we do note that defendant is a family run business operating a single store. Furthermore, we will take notice of recent reports that defendant's store was the site of a

serious fire. On the information before us, we see no deep pockets on either side.

As for deterrence, we again see no favor to either side. Defendant's delinquency was due at least in part to sloppy bookkeeping by the union. The delinquency for contributions to the legal fund was solely the result of unauthorized acts of the trustees for the legal fund. *See Combs v. Hawk Contracting Inc.*, 543 F.Supp. 825, 829 (W.D.Pa.1982), and *Vernau v. Bowen Enterprises Inc.*, 648 F.Supp. 721, 723 (W.D.Pa., 1986).

In considering the relative merits of the parties' position, we acknowledge that the principal issue, the defendant's responsibility for the second store, was reasonably contested on both sides. A spirited battle was also waged over the amounts of the delinquencies, but the parties were able to resolve those issues in a lengthy conference prior to trial.[1] The positions of both sides in this action had some merit and if not ultimately successful were at least reasonably presented by counsel. This factor then is neutral.

The remaining factor for consideration is the extent of the common benefit derived from the litigation. While the amount recovered inures to the benefit of defendant's employees, the impact of this case on the funds was small. The amount recovered was small, less than $4,000, and there was no novel issue resolved here.

We conclude therefore that the factors reviewed above do not favor either side. With regard to defendant's petition for fees, there is nothing to support it other than the fact that defendant was successful in defeating a large portion of plaintiffs' claim. But plaintiffs' position was not unreasonable and was certainly not brought in bad faith. Success alone will not justify an award of fees and defendant's petition is therefore denied.

The reverse of the coin is much the same with one important distinction. The factors reviewed above do not favor plaintiffs any more than they favored the defendant. Likewise they would not justify an award of fees. But § 1132(g)(2) makes an award of fees in such a case mandatory, regardless of our evaluation of the relevant factors.

While we do not have discretion to refuse to award fees in a case such as this, we do retain the discretion to determine what is a reasonable fee. In making such a determination we are to consider the salient factors described above. E.g., *Miles*, 698 F.2d 593 (2nd Cir.1983). We may also consider whether the plaintiffs' own acts precipitated the delinquency and claim. *Employer-Teamsters Health & Welfare Fund v. Weatherall Concrete*, 468 F.Supp. 1167 (S.D.W.Va.1979). Finally, some reduction in fees may be appropriate for unsuccessful claims. *Central States Southeast and Southwest Areas Pension Fund v. C.J. Rogers Transportation Co.*, 544 F.Supp. 308 (E.D.Mich.1982).

As described above, the five salient factors do not favor plaintiffs. We have also alluded to the fact that the delinquency and resulting claim were in part due to plaintiffs' own action, and we will now elaborate. During the life of the collective bargaining agreement, the legal fund trustees unilaterally reduced the employer's contribution from 5¢/hour to 4¢/hour. This act was outside the scope of the trustees' authority and so the funds sued in this action for the lost 1¢/hour. See, *Combs v. Hawk*, 543 F.Supp. 825, 829. Plaintiffs recovered $1,063.92 on this claim, which was caused solely by the plaintiffs.

Much of the time spent in this action was caused by deficiencies in plaintiffs' record keeping. During the trial, it became clear that there were two copies of the collective bargaining agreement with materially different face sheets. Both copies were produced by plaintiffs from their records and these documents were at the center of the

---

1. The court did not participate in this conference. Instead, we locked the principals and their counsel in a room and to their credit they were able to resolve those issues, considerably shortening the trial.

principal issue in this case, defendant's disputed responsibility for the second store. Furthermore, plaintiffs could have easily avoided the entire controversy if at the time of contracting they had determined the identity of the actual owner of the second store, for example by simply checking the fictitious name registry. It appears then that plaintiffs' lack of care was at least in part the source of the employer identity dispute.

We should also note that the complaint made claim for $2,568.82 in delinquent contributions which were beyond the statute of limitations. Defendant prevailed on this issue on a motion for summary judgment.

Out of the original $19,744.08 plus liquidated damages claimed in the complaint, plaintiffs recovered $3,848.88. Of the amount recovered, $1,063.92 was attributable to the legal fund delinquency caused by the trustees.

The plaintiffs seek an award of fees and costs in the amount of $5,716.69. To award any significant fee in the light of the circumstances described above would reward the inefficiency of the trustees. The time spent in making claims barred by the statute of limitations, in recovering delinquencies caused solely by the trustees, in litigating a dispute over the responsible employer caused at least in part by the plaintiffs lack of care, and in recovering less than ⅕ of the amount claimed in the complaint, cannot all be reasonably charged to the defendant.

In the absence of the mandatory award dictated by § 1132(g)(2), we would be inclined to follow either *Hammond v. James W. Griffin Co., Inc.*, 520 F.Supp. 162 (N.D. Ga.1981) (where each prevailed on some of the issues involved and where no bad faith ws evident, no attorney's fees were awarded to either side) or *Central States Southeast & Southwest Areas Pension Fund v. Hitchings Trucking, Inc.*, 492 F.Supp. 906 (E.D.Mich.1980) (where plaintiff prevailed in first phase and defendant in second phase, plaintiff was entitled to fees for first phase, and defendant was entitled to fees for second phase). While an award of fees is mandatory, we believe the circumstances described above require a significant reduction in the amount of the award. We are certain that the framers of § 1132(g)(2) did not intend to reward laxity and inefficiency in trustees and we will not permit that result here.

 We have reviewed the affidavits and time records of plaintiffs' counsel. For the reasons stated above, we believe a reasonable and appropriate award of attorney's fees and costs is $1,500. An appropriate order will be entered.