**820**

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 332, AFL–CIO, Plaintiff–Appellee,

v.

HYLAND WILSON ELECTRICAL CONTRACTORS, INC.; Cannon Electric, Defendants,

and

Patrick Hyland; Jo Hyland, Defendants–Appellants.

No. 87–2788.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 28, 1989.

Decided Aug. 9, 1989.

Paul V. Simpson, Laura E. Innes, Carr, McClellan, Ingersoill, Thompson & Horn, San Francisco, Cal., for defendants-appellants.

Mark S. Renner, Wylie, McBride, Jesinger & Sure, San Jose, Cal., for plaintiff-appellee.

Before BROWNING, PREGERSON and THOMPSON, Circuit Judges.

PER CURIAM:

Patrick and Jo Hyland appeal the district court's imposition of liability upon them individually for an arbitration award against the corporation of which they are principal shareholders. We reverse.

The Hylands were partners in Hyland–Wilson Electrical Contractors, Inc. (Hyland Partnership), which signed a collective bargaining agreement with I.B.E.W., Local 332 in 1977. Later that year, the Hyland Partnership incorporated as Hyland–Wilson Electric, Inc. (Hyland Corporation) without informing Local 332 of the change.

At a grievance proceeding in 1986, an arbitration committee imposed liability for violating the labor agreement with Local 332 upon both Hyland Corporation and Cannon Electric, another corporation primarily owned by the Hylands, which the committee concluded was the alter-ego of the Hyland Corporation. The arbitration committee was not asked to and did not consider whether either Hyland Corporation or Cannon Electric was an alter ego of the Hylands, and was neither asked to nor did impose individual liability on the Hylands.

Local 332 petitioned to confirm the award, naming the Hylands individually as well as Hyland Corporation and Cannon Electric as parties. The trial judge confirmed and enforced the award as to both corporations. *I.B.E.W., Local 332 v. Hyland Wilson Elec. Contractors, Inc.*, 689 F.Supp. 995, 998–1001 (N.D.Cal.1987). Without discussion, the court also imposed liability upon the Hylands individually. Only the imposition of individual liability upon the Hylands is appealed.

The Hylands assert the issue of individual liability was not raised by Local 332 either in the arbitration proceedings or the Union's petition in the district court, and the Hylands did not receive notice or hearing on that issue in either forum.

Although the petition for enforcement named the Hylands as respondents, the petition contains no allegations relating to the Hylands individual responsibility. The prayer requests confirmation of the arbitration award and "such other and further relief as is just and proper."

The Hylands responded to the petition with an answer and motions to dismiss and to vacate the arbitration award in which they denied individual liability on the ground they were not parties to the collective bargaining contract or to the arbitration proceeding but only stockholders of the Hyland Corporation and Cannon Electric. The Union advanced an alter ego theory as the basis for individual liability for the first time in a paragraph in the last paper filed before the district court ruled—a reply memorandum to Cannon Electric's opposition to the confirmation of the award. In support of the application of the alter ego theory, the Union simply asserted that "both respondents named as individuals were principals of both corporations during the relevant time period." No supporting affidavits were submitted and it appears from the record the Hylands had no opportunity to respond. The district court confirmed the arbitration award against the Hylands on the basis of these papers.

Merely naming and serving third persons as respondents in a petition to confirm an arbitration award is not sufficient to assert an action against those persons on an alter ego theory. In determining whether to disregard the corporate entity and impose personal liability on stockholders in section 301(a) cases, the court must consider: "the amount of respect given to the separate identity of the corporation by its shareholders, the degree of injustice visited on the litigants by recognition of the corporate entity, and the fraudulent intent of the incorporators." *Seymour v. Hull & Moreland Eng'g*, 605 F.2d 1105, 1111 (9th Cir.1979); *see also Operating Eng'rs Pension Trust v. Reed*, 726 F.2d 513, 515 (9th Cir.1984); *Audit Servs., Inc. v. Rolfson*, 641 F.2d 757, 764 (9th Cir.1981).

These issues are entirely distinct from those raised by the petition to enforce the arbitration award against the Hyland Corporation and Cannon Electric. The record developed in the arbitration proceeding on the latter issues contains no findings and little evidence relevant to whether either or both corporations were alter egos of the Hylands individually. No additional evidence on that issue was presented to the district court. On this record the judgment imposing liability upon the Hylands cannot be sustained.

REVERSED and REMANDED.