835 F.2d 874
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
B.C. EDWARDS; Mary Elizabeth Edwards, Plaintiff-Appellant,
v.
Edgar G. PUFFENBARGER; Lucille G. Puffenbarger, Defendant-Appellee.
 No. 87-3704.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 6, 1987.
Decided Dec. 11, 1987.
 
 J. Gregory Mooney; Michael McHale Collins (Collins, Crackel & Mooney, on brief), for appellant.
 Guy M. Harbet, III (S.D. Roberts Moore; Gentry, Locke, Rakes & Moore; Peter J. Judah, on brief), for appellee.
 Before HARRISON L. WINTER, Chief Judge, DONALD RUSSELL, and CHAPMAN, Circuit Judges.
 CHAPMAN, Circuit Judge:
 
 
 1
 * In September 1977 plaintiffs-appellants B.C. and Mary Elizabeth Edwards (Edwards) entered into an oral contract retaining defendants-appellees Edgar and Lucille Puffenbarger (Puffenbarger) to perform construction and renovation on Edwards' Bath County, Virginia property. Under the agreement, Puffenbarger would bill the plaintiffs his actual cost of labor and materials plus a ten-percent profit margin and, in addition, Edwards would pay Puffenbarger "the top wage that [the defendants] paid [their] top paid man. He [Puffenbarger] would get the same amount for the hours he actually worked on [the] job, he would get ten percent of that of his own pay." Edwards v. Puffenbarger, No. 84-1228, slip op. at 4 (4th Cir. Apr. 25, 1985).
 
 
 2
 Edwards became increasingly dissatisfied with Puffenbarger's progress, the quality of the workmanship, and the cost of the project and terminated the defendants' performance under the contract in October 1979. Edwards subsequently brought an action against Puffenbarger alleging fraudulent overbilling and "poor workmanship." Puffenbarger denied Edwards' allegations and counterclaimed for slander.
 
 
 3
 In a March 1982 bench trial, Judge Michael held that the Edwards failed to prove the "poor workmanship" or fraud claims. The court also found that the Edwards wrongfully terminated the oral contract. The district court dismissed the slander counterclaim, reasoning that although Puffenbarger was entitled to actual damages, he had failed to prove either malice or the amount of damages. On appeal, this court affirmed the dismissal of the "poor workmanship" claim and of the slander counterclaim. The court, however, reversed in part and remanded the cause, holding that Edwards advanced a viable claim of overbilling under the cost-plus contract. Edwards, slip op. at 10-11. We directed reference of the dispute to a special master for "determination of what amount, if any, the defendants owed the plaintiffs for any overbilling under the oral contract between the parties." Id. at 19.
 
 
 4
 On remand, Judge Michael referred the case to United States Magistrate Glen Conrad to act as special master. The magistrate issued a final report and recommendation, including a final accounting, which concluded that plaintiffs were entitled to $12,870.62. Magistrate Conrad's recommendation was based upon several findings.
 
 
 5
 First, he found that defendants had overbilled plaintiffs at a rate of $2.00 per hour more than Puffenbarger actually paid to his laborers. Thus, of the total labor charges of $58,150, the magistrate found that Edwards had been overcharged in the amount of $14,860.
 
 
 6
 Second, the magistrate found that plaintiffs were improperly billed for employee labor performed on other projects in the amount of $1,758 and, relying on the testimony of some of Puffenbarger's former employees and taking into account entries into the "time book" indicating the time computation for those workers, that defendants improperly billed plaintiffs for thirteen days during which Puffenbarger was actually on vacation. This overcharge amounted to $2,382.
 
 
 7
 Third, noting that Puffenbarger bore the burden of proving "actual costs of labor" in excess of wages paid, the magistrate found that FICA, worker's compensation insurance, and self-employment taxes were actual costs of labor. However, he further concluded that contractor's insurance premiums and overhead were not associated particularly with the Edwards' job, and that defendants had overbilled plaintiffs for such costs in the amount of $4,042.37.
 
 
 8
 Fourth, he found that defendants overbilled plaintiffs for materials in the amount of $6,345.54. Defendants, it seems, had billed for materials in the amount of $53,204.34, but could produce invoices at trial in the amount of $48.919.60. The magistrate rejected arguments by defendants that miscellaneous purchases, as evidenced by various cancelled checks, "clearly pertained" to Edwards' job since "Defendants' assertions [were] premised on nothing more than pure speculation." App. at 903. The magistrate limited adjustments in favor of plaintiffs to those items that the evidence affirmatively established as error or duplication. He reviewed the materials items individually and limited consideration of materials purchases to those actually tendered at trial as opposed to those actually billed to plaintiffs. He further determined that there was no evidence that materials were supplied by Edwards for the job, which would have entitled the Puffenbargers to a ten-percent profit markup, if such materials had been furnished.
 
 
 9
 Fifth, he determined that damages should not be computed by determining plaintiffs' amounts paid less the amount to which defendants were entitled under the contract. The problem, he determined, lay with duplicate payments made by plaintiffs. Therefore, the magistrate concluded that the truly accurate method of calculation was the difference between the total amount defendants should have properly charged for labor, materials, and profit under the contract and the actual amount charged.
 
 
 10
 Last, the magistrate examined our determination of "constructive fraud" of the defendants, and he recommended that prejudgment interest be assessed in favor of plaintiffs. However, he concluded that interest should not be calculated as of the day of termination of the contract in 1979. Rather, he found that there was some bona fide dispute as to labor charges which was not resolved until the first appeal in this case, and he concluded that prejudgment interest should accrue as of the date of our decision, April 25, 1985.
 
 
 11
 The district court, after reviewing the objections to the report, adopted the magistrate's recommendations and final accounting in full. App. at 937-40. Thus, the court awarded $12,870.62 to plaintiffs with prejudgment interest from April 25, 1985 calculated at 9.15% on $9,527.99 of the judgment.
 
 
 12
 Plaintiffs appeal this ruling, claiming that the magistrate and district court were in error in their determination and calculation of amounts overbilled by defendants and due to plaintiffs. Plaintiffs also assert that the district court abused its discretion in finding that prejudgment interest was warranted from April 1985 rather than the date of the termination of the contract.
 
 II
 
 13
 The scope of review of this court in factual matters is necessarily limited. Fed.R.Civ.P. 52 states:
 
 
 14
 Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court.
 
 
 15
 The district court has great latitude under this standard. This court should not reverse those findings of fact when the district court's account of the evidence is plausible in light of the record viewed in its entirety, even if this court would have viewed the evidence differently had it been sitting as trier of fact. Anderson v. City of Bessemer City, N.C., 470 U.S. 564 (1985). It is apparent from the record that the district court, through the magistrate, carefully studied all evidence and it addressed the parties' arguments thoroughly. It is further evident that defendants' documentation of the various charges, particularly materials charges, was less than adequate. Therefore, upon review of the record, we find that the district court was not in clear error and we affirm its determination and calculation of the overbilling and overcharges.
 
 III
 
 16
 Plaintiffs also challenge the district court's calculation of accrued prejudgment interest from April 25, 1985, the date of our opinion, rather than from October 8, 1979, the date of plaintiffs' termination of the contract with defendants. Defendants argue that the magistrate's finding was correct because the labor charges were in dispute and in the prior appeal, this court was required to go into detailed analysis in order to determine the "actual cost of labor." Defendants refer to the magistrate's report, in which he stated that there was no reason for defendants, prior to that decision, to believe their factual misstatements resulted in an overcharge.
 
 
 17
 Generally, the allowance of prejudgment interest is in the trial court's discretion. Marks v. Sanzo, 231 Va. 350, 345 S.E.2d 263 (1986); see Hewitt v. Hutter, 432 F.Supp. 795 (W.D.Va.1977), aff'd, 568 F.2d 773 (4th Cir.) (unpublished memorandum decision), aff'd after remand, 574 F.2d 182 (4th Cir.1978). Those awards, as acknowledged by the magistrate, are sometimes inappropriate in cases of a bona fide dispute on the merits. The rationale for this is to avoid penalizing a defendant for exercising his right to litigate legal questions arising from a contract. Hewitt, 432 F.Supp. at 800.
 
 
 18
 The purpose of an award of prejudgment interest is to compensate a plaintiff for loss sustained by not receiving the amount to which he was entitled at the time he was entitled to receive it. Marks, 231 Va. at ----, 345 S.E.2d at 267 (citing Employer-Teamsters Jt. Council No. 84, Health & Welfare Fund v. Weatherall Concrete, Inc., 468 F.Supp. 1167, 1171 (S.D.W.Va.1979); see also, e.g., E.I. duPont deNemours & Co. v. Lyles & Lang Constr. Co., 219 F.2d 328 (4th Cir.1955). As noted by Judge Russell in the previous appeal, defendants' overcharges were not merely errors, but "constructive fraud." Plaintiffs had specifically given notice to defendants of labor overcharges in their letter of October 9, 1979. Further, it strains credulity to adopt the rationale of the magistrate and the defendants in characterizing all labor charges as being in dispute and to assert that defendants had no reason to believe their factual misstatments resulted in overcharge. There could be no justification for the Puffenbargers to bill the Edwards for vacation time or for general overhead not specifically related to the Edwards' construction. While some of the double-billing for materials may be explained by plaintiffs' requests for documentation for tax purposes, it was defendants' inadequate record-keeping that caused the materials overbillings.
 
 
 19
 Given that such overcharges were not so certain as to require disposition in the prior appeal, we find the plaintiffs are entitled to prejudgment interest accruing from the date of contract termination, October 8, 1979. Defendants clearly denied plaintiffs their funds in bad faith (i.e., through "constructive fraud"). We therefore reverse the district court insofar as it calculated prejudgment interest from April 25, 1984, the date of this circuit's earlier ruling, and remand with directions that prejudgment interest be calculated from October 8, 1979.
 
 
 20
 We affirm the district court's decision in all other respects.
 
 The judgment of the district court is
 
 21
 AFFIRMED IN PART; REVERSED IN PART AND REMANDED.