**Alexandria**

MARGARET JANE CRYOR GAYNOR

v.

FREDERICK SYLVESTER HIRD, JR.

No. 1225-89-4

Decided January 29, 1991

Counsel

Edward V. O'Connor, Jr. (Lewis, Dack, Paradiso, O'Connor & Good, on brief), for appellant.

William B. Cummings, for appellee.

Opinion

**BENTON, J.**—Margaret Jane Cryor Gaynor seeks reversal of the trial judge's decree of transfer made pursuant to Code § 20-107.3(C), as amended in 1988. This appeal presents three issues for our consideration: (1) whether the trial judge had authority to transfer jointly owned marital property pursuant to a statute that became effective while this suit was pending, (2) whether, assuming an affirmative answer to the first issue, the trial judge properly applied the statutory factors set forth in Code § 20-107.3(E), and

(3) whether the trial judge abused his discretion in failing to recognize the wife's one-half interest in the property. We hold that the statute, as amended, does not apply to pending divorce actions and that the trial judge had no statutory authority to order the transfer of jointly held marital property.

This suit was commenced when the wife filed a bill of complaint for divorce in 1984. The trial judge granted a final decree of divorce in 1985 and entered an equitable distribution order in 1986. This Court reversed the equitable distribution order by memorandum opinion, *Gaynor v. Hird*, No. 1393-86-4 (Oct. 4, 1988), and held:

> To the extent that [the court's order] purports to divide the jointly owned residence, it is in error. Although a trial court may appropriately consider a party's contribution to the acquisition of marital property, *see* § 20-107.3(E)(2), it has no authority to divide marital property. *McGinnis v. McGinnis*, 1 Va. App. 272, 276, 338 S.E.2d 159, 161 (1985). It only has authority to partition jointly owned property, and this may be done only in a manner that will insure that each owner receives the amount of money or property to which his interest in the property entitles him. *Morris v. Morris*, 3 Va. App. 303, 310, 349 S.E.2d 661, 665 (1986).

*Gaynor*, slip op. at 2-3. Upon remand, the trial judge did not order partition of the marital residence, but, instead, ordered a transfer of title to the husband pursuant to Code § 20-107.3(C), as amended in 1988. Thus, the wife's interest in the marital property, which the parties owned as tenants by the entirety during the marriage, was extinguished.

As a general rule, laws existing at the time a suit is filed govern the case. *Shilling v. Commonwealth*, 4 Va. App. 500, 507, 359 S.E.2d 311, 315 (1987). In *Price v. Price*, 4 Va. App. 224, 355 S.E.2d 905 (1987), this Court considered a 1984 amendment to Code § 20-107.3, which changed the presumption concerning classification of property and held:

> "[W]hen a statute is amended while an action is pending, the rights of the parties are to be decided in accordance with the law in effect when the action was begun, unless the amended statute shows a clear intention to vary such rights."

Nothing in the 1984 amendment indicates that the General Assembly intended the amendment to apply to actions filed before the effective date of the amendment.

*Id.* at 230, 355 S.E.2d at 908 (quoting *Washington v. Commonwealth*, 216 Va. 185, 193, 217 S.E.2d 815, 823 (1975)).

■ The language of the 1988 amendment to Code § 20-107.3(C) does not expressly indicate that the legislature intended the courts to apply the amendment to pending divorce suits. *See* 1988 Va. Acts c. 825; *compare* 1982 Va. Acts c. 309 (In enacting Code § 20-107.3, the General Assembly intended "[t]hat the provisions of this act shall not affect any pending litigation"). In addition, we discern no other indications that the legislature intended courts to apply the amendment in a pending proceeding. Absent any indication that the legislature intended the 1988 amendment to apply to pending litigation, the statute existing upon the filing of the bill of complaint controls the disposition of jointly held marital property in this case.

Moreover, we conclude that the amendment affects substantive rights. Prior to the 1988 amendment, the trial judge was not statutorily authorized in a divorce proceeding to assign, allot, or divide jointly titled marital property except pursuant to the partition statute. *Morris v. Morris*, 3 Va. App. 303, 309-310, 349 S.E.2d 661, 665 (1986). The statute then in effect explicitly stated:

The Court shall have no authority to order the conveyance of separate property or marital property not titled in the names of both parties; however, in the final decree of divorce the court may partition marital property which is titled in the names of both parties or retain jurisdiction for the purpose of such partition.

Code § 20-107(C) (prior to 1988 amendment). If the trial judge did not partition jointly titled marital property in the final decree of divorce or retain jurisdiction to later order partition, each party had a right, under the then existing statutes, to file a suit for partition of the jointly titled property. *See* Code § 20-107.3(C) (prior to 1988 amendment); Code § 8.01-81 *et seq.* By means of the partition statute, the circuit judge in a divorce proceeding or in an independent suit had the power to allot real property to one of the parties or to order a sale of real property only after first making a

judicial determination that partition in kind could not be conveniently made. Code § 8.01-83; *see also Cauthorn v. Cauthorn,* 196 Va. 614, 620, 85 S.E.2d 256, 259 (1955). If the property was "divisible in kind, any co-owner [had] the right to insist that partition be so made." *Nickels v. Nickels,* 197 Va. 498, 502, 90 S.E.2d 116, 118 (1955).

In 1988, when this Court reversed the decree of equitable distribution and remanded the case, the statute had been amended to authorize the trial judge, "based upon the factors listed in [Code § 20-107.3(E)], [to] order the division or transfer, or both, of jointly owned marital property." Code § 20-107.3(C). The statute further stated:

As a means of dividing or transferring the jointly owned marital property, the court may (i) order the transfer of real or personal property or any interest therein to one of the parties, (ii) permit either party to purchase the interest of the other and direct the allocation of the proceeds, provided the party purchasing the interest of the other agrees to assume any indebtedness secured by the property, or (iii) order its sale by private sale by the parties, through such agent as the court shall direct, or by public sale as the court shall direct without the necessity for partition.

*Id.* The statute, as amended, gave the trial judge discretion in a divorce proceeding to order a transfer of the property to one of the parties without first determining whether partition in kind could be conveniently made. Thus, under the amended statute, one spouse in the divorce proceeding could be deprived of ownership of real property susceptible to partition to which that spouse would have been absolutely entitled under Code § 8.01-83.

The right to retain ownership of real property, in kind, is a substantive right. "Substantive rights, which are not necessarily synonymous with vested rights, are included within that part of the law dealing with the creation of duties, rights, and obligations, as opposed to procedural or remedial law, which prescribes methods of obtaining redress or enforcement of rights." *Shiflet v. Eller,* 228 Va. 115, 120, 319 S.E.2d 750, 754 (1984). It has long been the law in Virginia that each piece of real property has "a peculiar value." *Hale v. Wilkerson,* 62 Va. (21 Gratt.) 75, 80 (1871). Because the law recognizes the unique nature of real property, the

right to enforce title in real property can be specifically enforced. *Id.* However, by allowing the trial judge to order a transfer of jointly owned real property, the statute, as amended, takes away completely the right to insist upon retention of ownership of a particular piece of real property. The statute may not be applied so as to affect such a substantive right in pending proceedings. *See School Bd. of City of Norfolk v. Gypsum*, 234 Va. 32, 38, 360 S.E.2d 325, 328 (1987); *Bartholomew v. Bartholomew*, 233 Va. 86, 91, 353 S.E.2d 752, 755-56 (1987).

In interpreting the statute as it existed prior to 1988, this Court held: "While a court is authorized to partition marital property, it may not otherwise affect title by its order." *Booth v. Booth*, 7 Va. App. 22, 30, 371 S.E.2d 569, 574 (1988). We now hold that the trial judge had no authority to apply the 1988 amendment to effect the transfer to the husband of the marital residence owned by the parties as tenants by the entirety upon the commencement of this proceeding.

Because the question of the disposition of the residence may arise on remand, we address the wife's argument that the trial judge should have valued the marital residence as of the date of the 1989 remand hearing, rather than on the date of the 1985 evidentiary hearing. Her position is supported by our prior decisions. We have stressed that the trial judge in evaluating marital property should select a valuation "that will provide the Court with the most current and accurate information available which avoids inequitable results." *Mitchell v. Mitchell*, 4 Va. App. 113, 118, 355 S.E.2d 18, 21 (1987); *see also Wagner v. Wagner*, 4 Va. App. 397, 406, 358 S.E.2d 407, 411 (1987). "The value of the assets determined as near as practicable to the date of trial will usually be the most current and accurate value available." *Mitchell*, 4 Va. App. at 118, 355 S.E.2d at 21. Although the trial judge had evidence of a current appraisal of the residence, which was made in anticipation of the remand hearing, the trial judge used an appraisal which was prepared in 1985. We find nothing in the record that justifies this deviation from the general rule, and we conclude that the trial judge should have valued the marital property as of a date as near as practicable to the date of the evidentiary hearing.[1]

---

[1] We note that the 1988 amendments to Code § 20-107.3(A) codified the rule announced in *Mitchell*.

For the reasons stated above, the order is reversed and the case is remanded to the trial judge for reconsideration consistent with this opinion.

*Reversed and remanded.*

Barrow, J., and Moon, J., concurred.