COURT OF APPEALS OF VIRGINIA

Present:  Judge Fitzpatrick, Senior Judges Cole and Duff


MARGARET JANE CRYOR GAYNOR

v.          Record No. 0927-94-4          MEMORANDUM OPINION[*] BY
                                          JUDGE JOHANNA L. FITZPATRICK
FREDERICK SYLVESTER HIRD, JR.                 AUGUST 1, 1995


            FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                    Paul F. Sheridan, Judge

        Edward V. O'Connor, Jr. (The Lewis Law Firm, on briefs), for
        appellant.

        William B. Cummings (William B. Cummings, P.C., on brief),
        for appellee.


    In this domestic appeal, Margaret Jane Cryor Gaynor (wife)
appeals the trial court's determination of the monetary award.
For the reasons that follow, we reverse the award and remand this
matter for further proceedings.

### MONETARY AWARD

    "[T]he amount of any monetary award, subject to the
enumerated statutory factors, is within the sound discretion of
the trial court."  Dietz v. Dietz, 17 Va. App. 203, 216, 436
S.E.2d 463, 471 (1993) (citing Amburn v. Amburn, 13 Va. App. 661,
666, 414 S.E.2d 847, 850 (1992)).

### (1) The Marital Residence

    In the initial equitable distribution order of October 29,
1986, the court found the "interests of the parties in the

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

marital residence . . . to be in proportion to their contributions" and allocated seventy-five percent to Frederick Sylvester Hird, Jr. (husband) and twenty-five percent to wife. After a partition proceeding on November 13, 1991, the trial court assigned the marital home to husband and ordered him to pay wife for her one-half interest in the residence. The court also suggested that $140,000 of the payment should be held in escrow to provide for any offsetting award to recognize the equitable interest of wife in the property. In a January 7, 1992 consent order, wife agreed to an escrow of $130,000 as a condition of the partition conveyance. In the April 19, 1994 equitable distribution order, the trial court determined that it had the "power to make an equitable distribution where partition is involved" and that it was not required to divide the proceeds of the property fifty-fifty. The trial court found that "[t]he payment required in partition for a one-half legal interest was $173,841.05. The offsetting award payable to Mr. Hird for a one-quarter equitable interest is $86,920.52, payable from the escrow."

Wife argues that the trial court erred in allocating seventy-five percent of the property's value to husband and twenty-five percent to her. Wife asserts that the trial court was required to base its calculation of the monetary award on the parties' equal legal interests in the home as a result of the partition. We disagree.

Under the version of Code § 20-107.3(C) applicable to this case, "partition . . . is no different than that permitted prior to the adoption of Code § 20-107.3, except that it may now be done as a part of the divorce proceeding rather than as a separate proceeding." Morris v. Morris, 3 Va. App. 303, 310, 349 S.E.2d 661, 665 (1986).

> The partitioned property or its proceeds must be divided in a manner that will insure that each owner receives the amount of money or property to which his interest in the property entitles him. However, the value of this property still remains a consideration in determining the amount of a monetary award.

Id. (emphasis added) (citations omitted).

After the partition proceeding in this case, each party received a one-half legal interest in the home, and the trial court correctly ordered the husband to pay the wife for her one-half interest when it assigned the home to him. However, because the home was marital property, wife's proceeds from the partition of the home, as well as husband's interest in the home, constituted marital property subject to consideration in determining the monetary award. Although wife was entitled to a one-half legal share of the marital home, the trial judge found that she was not entitled to a one-half equitable share of the marital estate based on his consideration of the factors in Code § 20-107.3(E). We hold that no abuse of discretion occurred because wife was not entitled to an automatic one-half equitable share of the marital home. See Papuchis v. Papuchis, 2 Va. App.

- 3 -

130, 132, 341 S.E.2d 829, 830 (1986) (holding that there is no statutory presumption of equal distribution of marital property).

## (2) Law Firm Capital Account

The trial court found that husband's law firm capital account was marital property and had a value of $6,500 at the date of marriage and $22,800 at the date of the divorce. Thus, the account increased $16,300 during the marriage. This increase was financed by husband's separate loan of $13,000, and the trial court accordingly held that the loan could be used as an offset against the increase in value. For equitable distribution purposes, the trial court valued the account at the date of divorce rather than at the date of the remand hearing. Wife argues that the trial court should have used husband's 1988 partnership Form K-1 as evidence of the increase in capital.

"We have stressed that the trial judge in evaluating marital property should select a valuation 'that will provide the Court with the most current and accurate information available which avoids inequitable results.'" Gaynor v. Hird, 11 Va. App. 588, 593, 400 S.E.2d 788, 790-91 (1991) (emphasis added) (quoting Mitchell v. Mitchell, 4 Va. App. 113, 118, 355 S.E.2d 18, 21 (1987)). "We recognize, however, that this date [of remand] may not always be the most appropriate since both fortuitous or intentional events can drastically affect values and equities between date of classification and valuation, and courts should

have the discretion to adopt a different date if the equities of the case demand it."  Price v. Price, 4 Va. App. 224, 232, 355 S.E.2d 905, 910 (1987).

In this case, the trial court did not abuse its discretion in determining the value of the law firm capital account as of the date of divorce.  The record established that any increase in the value of the account after the date of divorce was solely due to husband's contributions to the account.

### (3) Interest on the Promissory Note

The trial court found that a May 15, 1981 promissory note from husband to wife was marital property.  The court valued the note as of the date of divorce and included interest that accrued during the marriage in the value of the note.  The face value of the note was $3,452.53, and the total value of the note, with the accrued interest of $1,780.24, was $5,232.77.  Wife contends that the value of the note should include interest that accrued after the date of divorce.

Unlike the law firm capital account, no equitable reason justifies the trial court's use of the date of the divorce to determine the amount of interest that was marital and should be considered.  The interest on the promissory note accumulated without any effort on the part of either party, and thus, the trial court erred in including only the interest that accrued during the marriage.

### (4) Joint Bank Accounts

- 5 -

In the April 19, 1994 order, the trial court awarded two joint bank accounts totaling $614.69 to husband and did not consider the value of the accounts in determining the monetary award.  The trial judge held that:

> Mrs. Gaynor contends that she is entitled to one-half of these accounts, but she gives no reason, and again there is no automatic one-half share in Virginia.  The accounts have been paid to Mr. Hird, and no further award is required.

Wife contends that the trial court erred in failing to include the joint bank accounts in its monetary award.  See Gaynor v. Hird, Record No. 1393-86-4, October 4, 1988.  The jointly-held accounts were marital property, and wife had a legal interest in the accounts.  Therefore, even though husband was previously awarded the accounts and may have withdrawn the money from the accounts, the court was not free to disregard their value in calculating the monetary award.

### (5) Marital Debts

The trial court found that the total amount of marital debts was $45,657, with $36,457 in both parties' names and $9,000 in the name of husband alone.  The court apportioned one-half of the marital debts to each party, and wife argues that this was error.  We agree.  Under the version of Code § 20-107.3 in effect when the suit was filed, the court had no authority to apportion and order payment of various marital debts.  See Gaynor v. Hird, 11 Va. App. at 591, 400 S.E.2d at 789 (holding that "the statute existing upon the filing of the bill of complaint controls the

- 6 -

disposition of jointly held marital property").  While the court
had previously identified the marital debts and which party was
liable for their payment, it had not, until the decree on appeal,
attempted to apportion or order their payment.

**(6) Interest on Miscellaneous Personal Property and Expenses**

The trial court divided the parties' personal property and
awarded husband fifty-five percent of the property and wife
forty-five percent.[1]  Husband held some items of personal
property, and the court determined that wife owed him $3,891.83,
fifty-five percent of the assets less the value of those assets
titled to husband.  The court also found that the parties were
indebted to each other for certain expenses and that wife owed
husband $834 net expenses.  Upon husband's request, the trial
court awarded husband interest on the personal property and
expenses retroactive to October 1986 because wife had not yet
paid the amounts due.  Wife asserts that former Code § 20-107.3
did not classify a monetary award as a judgment, and thus no
interest could be awarded.

Prejudgment interest is usually not allowed on an
unliquidated, disputed claim.  Skretvedt v. Kouri, 248 Va. 26,
36, 445 S.E.2d 481, 487 (1994).  Whether interest should be

---

[1]Wife also argues that the trial court erred in dividing the
personal property fifty-five/forty-five.  This argument is
without merit because the division of the property was in the
sound discretion of the trial court.

awarded, and from what date interest should run, are decisions within the sound discretion of the trial court.  Code § 8.01-382; Marks v. Sanzo, 231 Va. 350, 356, 345 S.E.2d 263, 267 (1986).  An award of prejudgment interest serves to compensate a party receiving a judgment "for the loss sustained by not receiving the amount to which he was entitled at the time he was entitled to receive it," and may be "considered necessary to place the [plaintiff] in the position he would have occupied if the party in default had fulfilled his obligated duty."  Id. (quoting Employer-Teamsters, Etc. v. Weatherall Concrete, 468 F. Supp. 1167, 1171 (1979)).

In this case, the trial court erred in awarding interest on the personal property and expenses.  The record demonstrates that, although the parties may have been in agreement about the division and value of the personal property, they continued to dispute the monetary award.  In this equitable distribution proceeding, the court was required to consider all of the marital property in fashioning one monetary award.  Although a court may properly evaluate each item of property separately, the final result is a monetary award based on the aggregation of all of the marital property and consideration of all of the factors. Therefore, the amount that equalized the division of the marital personal property was not a separately due and payable award, and it was error to treat it as such.

Additionally, the version of Code § 20-107.3(D) in effect

when this case was filed does not provide that a monetary award is a judgment and that the interest of provisions of Code § 8.01-382 apply.

## (7) Imputed Rent

The trial court found that wife's right to rent was "limited to the [twenty-five] percent share representing her contribution or investment, for purposes of both the equitable distribution proceeding and the accounting."  Wife argues that her share of the rent is separate property, not subject to equitable distribution.  We agree.  See Dietz, 17 Va. App. at 210, 436 S.E.2d at 468 (holding that property acquired after separation is not acquired during the marriage and is not marital property unless obtained with marital funds).

## ENTRY OF THE ORDER

Wife argues that the entire order is void under Rule 1:13. We hold that the requirements of Rule 1:13 were satisfied because wife was provided written notice of the presentation of the orders and copies of the orders four months before their entry.

Accordingly, the decision of the trial court is reversed and the matter remanded for further proceedings consistent with this opinion.

Affirmed in part,
reversed in part,
and remanded.