COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


JO ANNE PHELPS, F/K/A
 JO ANNE GRAZEL
                                        MEMORANDUM OPINION*
v.    Record No. 2511-96-1                  PER CURIAM
                                          APRIL 22, 1997
CHRISTOPHER P. GRAZEL


         FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                        John K. Moore, Judge

            (Jo Anne Phelps, pro se, on briefs).

            (James A. Evans; Dinsmore, Evans & Bryant, on
            brief), for appellee.


     Jo Anne Phelps (wife) appeals the decision of the circuit

court setting awards of child and spousal support, equitable

distribution, attorney's fees and costs.  Christopher P. Grazel

(husband) was ordered to make monthly payments of $1,000 in

spousal support and $1,057 in child support.  Wife contends the

trial court erred by: (1) accepting and considering the parties'

December 1, 1995 stipulation; (2) ruling on issues already

resolved through the parties' previously incorporated agreements;

(3) failing to follow the statutes on classification and

valuation of property, legal fees, costs and sanctions; (4)

interpreting the parties' agreement as limiting the court's

ability to receive evidence on child and spousal support

statutory factors; (5) interpreting the parties' agreement as

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

limiting an award of interest on husband's financial accounts; (6) failing to apply the proper version of the statute; and (7) allowing husband to exempt tax-deferred income from inclusion in child support calculations.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. Rule 5A:27.

Husband commenced this action by filing of a bill of complaint on September 5, 1989.  On April 1, 1993, the parties executed a hand-written agreement addressing property and support issues.  The trial court incorporated that agreement into a decree entered March 11, 1994.  That decree referred to a commissioner in chancery the determination of "financial accounts" set out in paragraph 13 of the agreement.  The parties executed a second hand-written agreement on June 3, 1994.  The trial court incorporated both agreements into the final decree of divorce entered September 13, 1996.  In addition, the parties entered into a stipulation which was read into evidence before the commissioner on December 1, 1995.

The commissioner in chancery received evidence ore tenus, and "due regard [must be given] to the commissioner's ability . . . to see, hear, and evaluate the witness at first hand." Hill v. Hill, 227 Va. 569, 577, 318 S.E.2d 292, 297 (1984).  Both parties filed exceptions to the commissioner's report, some of which were sustained.

The chancellor is necessarily vested with

> broad discretion in the discharge of the
> duties . . . [Code § 20-107.3] imposes upon
> him. Unless it appears from the record that
> the chancellor has abused his discretion,
> that he has not considered or has misapplied
> one of the statutory mandates, or that the
> evidence fails to support the findings of
> fact underlying his resolution of the
> conflict in the equities, the chancellor's
> equitable distribution award will not be
> reversed on appeal.

Brown v. Brown, 5 Va. App. 238, 244-45, 361 S.E.2d 364, 368 (1987) (citation omitted).

## Issue 1

Wife challenges the court's reliance upon the parties' December 1, 1995 stipulation. Appellate courts in Virginia look "with favor upon the use of stipulations . . . which are designed to narrow the issues and expedite the trial or settlement of litigation." McLaughlin v. Gholson, 210 Va. 498, 500, 171 S.E.2d 816, 817 (1970). Wife made no objection to the stipulation which set out the parties' agreement, when it was read into evidence before the commissioner, and there is no allegation that her attorney's actions were unauthorized, therefore, the stipulation was binding upon the parties. See Parker v. DeBose, 206 Va. 220, 223-24, 142 S.E.2d 510, 512-13 (1965). Wife's evidentiary challenges to the stipulation are without merit.

## Issue 2

Wife questions whether "the parties could enter into an additional agreement to change or encumber this 1993 court order, by virtue of agreements incorporation, award of support."

Nothing in the first agreement or the decree incorporating the first agreement barred the parties from further negotiating the issues outstanding between them. This contention is without merit.

## Issue 3

"Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990). In determining the equitable distribution of property, the trial court must first classify the property as separate or marital, then value the property, and, finally, determine the distribution of the property upon consideration of the factors found in Code § 20-107.3(E). See Marion v. Marion, 11 Va. App. 659, 665, 401 S.E.2d 432, 436 (1991). The most appropriate date for classification is the date of the parties' last separation. See Price v. Price, 4 Va. App. 224, 231, 355 S.E.2d 905, 909 (1987). The most suitable date for valuation is generally the evidentiary hearing date or trial date. Id. at 232, 355 S.E.2d at 910. However, the parties may agree to an alternative valuation date.

The record indicates that, in the December 1995 stipulation, the parties agreed to use April 1, 1993 as the valuation date for husband's net worth. Wife's contention that the commissioner erred by failing to use 1995 or later valuation date is contrary

4

to the evidence.

Wife contends that husband knowingly commingled his separate property with marital assets, thereby transmuting these separate assets into marital property to which, by agreement, wife is entitled to a fifty percent share.  We agree that under the law in effect when this matter was commenced, Code § 20-107.3 did not "'recognize a hybrid species of property.'"  Ellington v. Ellington, 8 Va. App. 48, 53, 378 S.E.2d 626, 628 (1989) (quoting Smoot v. Smoot, 233 Va. 435, 441, 357 S.E.2d 728, 731 (1987)). "Property must be classified as either all marital or all separate, not both."  Id.  However, the record reflects that, pursuant to the terms of the parties' agreement, husband received a credit of $44,895 for his premarital separate accounts.  The remaining items were found to be marital property equally divided between the parties.  We find no error.

Wife also challenges the court's distribution of the parties' Indvidual Retirement Accounts (IRAs).  Under the 1993 agreement, the parties agreed to split the IRAs equally as of the date of separation, excluding post-separation contributions.  The reference in the 1994 agreement to the waiver of interest on financial accounts excluding IRAs did not modify this original agreement.  Therefore, the trial court's order complies with the terms of the parties' agreement and wife's challenge is without merit.

The record reflects the fact that the parties presented

substantial evidence before the commissioner.  Wife presented her evidence related to the commingling and transmutation of assets. Numerous exceptions based upon challenges to the valuation of assets were filed by both parties and were considered by the court.  The court sustained several of wife's exceptions.  As the trial court's decision is supported by evidence, we find no reversible error in the court's valuation or classification of these assets.

Awards of costs or attorney's fees are submitted to the sound discretion of the trial court and are reviewable on appeal only for an abuse of discretion.  See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987).  The key to a proper award of counsel fees is reasonableness under all the circumstances.  See McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).  The parties agreed husband would pay $2,500 in wife's attorney's fees.  The court also ordered husband to pay seventy-five percent of the costs.  Based on the number of issues involved and the respective abilities of the parties to pay, we cannot say that the award was unreasonable or that the trial judge abused his discretion in making the award.  We find no grounds for sanctions against husband.

## Issue 4

In the 1994 agreement, the parties agreed that, for the period April 1, 1993 through March 31, 1994, spousal support was $1,200 per month and child support was $811.  The December 1,

6

1995 stipulation noted that there were no spousal support arrearages through November 1995. The court found no child support arrearage, and wife's argument has failed to demonstrate reversible error.

Wife also alleges that the trial court erred by failing to modify support in light of changed circumstances. We find that contention without merit. We find no support for wife's allegation that the commissioner prevented her from fully presenting evidence as to the needs of the parties' child or that the commissioner only considered husband's W-2 income. As the amount of spousal support comports with the terms of the parties' agreement and the amount of child support was determined based upon the presumptively correct statutory guidelines, we find no error.

Wife contends that the court erred in using the 1996 guidelines to determine child support. We reject wife's contention that the court was obligated to use the previous guidelines. As we stated in Cooke v. Cooke, 23 Va. App. 60, 474 S.E.2d 159 (1996):

> The wife and the trial court mistakenly rely on Gaynor v. Hird, 11 Va. App. 588, 400 S.E.2d 788 (1991), to support the contention that the instant award is controlled by the guidelines which pertained when wife filed her petition. In Hird, we concluded that, in the absence of a contrary legislative intent, the authority of a trial court to order the transfer of property in equitable distribution was limited by the statute in effect at the commencement of that action. Id. at 590-91, 400 S.E.2d at 789. In contrast, the statutory scheme established by

> Code §§ 20-107.2, -108, -108.1, and -108.2,
> and related enactments, manifest a clear
> legislative intent that the courts of this
> Commonwealth determine the issue of child
> support with contemporaneity, in
> consideration of prevailing circumstances and
> consistent with existing guidelines. The
> application of a repealed guideline schedule
> to ascertain a current award would subvert
> this legislative design.

Id. at 65, 474 S.E.2d at 161. The parties agreed to compute child support pursuant to "the guidelines." Wife's contention that the 1993 guidelines applied is without merit.

## Issue 5

Wife contends that paragraph 7 of the June 1994 agreement improperly linked equitable distribution and spousal support. Wife further contends that she could not legally waive her right to interest earned on husband's financial accounts, and the trial court erred by finding her waiver valid.

No authority supports wife's contention. The parties were free to make whatever arrangements for support and distribution they found mutually satisfactory. Moreover, pursuant to the parties' agreement, the trial court entered an order setting spousal support separately from its equitable distribution monetary award. Therefore, wife's contention is without merit.

Wife also contends that there was no evidence that she agreed to waive her right to interest on these accounts beyond the period of April 1, 1993 through March 31, 1994. The trial court found convincing evidence indicating wife made an indeterminate waiver in exchange for the monthly spousal support

8

payment of $1,200.  As the court's finding was supported by evidence, we find no reversible error.

## Issue 6

Wife correctly notes that the court was required to apply the version of Code § 20-107.3 in effect at the time this matter commenced in 1989.  Both the commissioner and the trial court applied the correct version.

## Issue 7

Wife challenges the court's decree excluding husband's tax-deferred income from inclusion in the calculation for purposes of child and spousal support.  Wife's references to the record do not support her allegation that there were additional sources of unaccounted income.  We find wife's argument without merit.

Wife's request for interest on judgment is denied.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.