COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Elder and Bumgardner

WILLIAM HALLER COINER

MEMORANDUM OPINION[*] BY
v.    Record No. 1848-97-2          JUDGE RUDOLPH BUMGARDNER, III
                                    JUNE 9, 1998
VICKIE ANNE COINER


           FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                     William R. Shelton, Judge

           (Richard M. Bing; Richard M. Bing, P.C., on
           brief), for appellant.  Appellant submitting
           on brief.

           (Joseph E. Blackburn, Jr.; Joseph E.
           Blackburn; White, Blackburn & Conte, P.C., on
           brief), for appellee.  Appellee submitting on
           brief.


     By final decree entered July 1, 1997, the circuit court

granted Vickie Anne Coiner a divorce on the grounds of

constructive desertion.  It granted Mrs. Coiner child support and

spousal support and decreed equitable distribution of the marital

property.  Mr. Coiner appeals arguing that the trial court erred

by imputing income to him but not to his wife, by valuing the

marital assets as of the date of the depositions, by not giving

him credit for mortgage payments made during separation, and by

failing to consider the tax consequences when distributing his

IRA.  Finding that the court did not err, we affirm.

     Mr. Coiner was employed as president of the Virginia Retail

Merchants Association.  In June 1996 he voluntarily resigned his

─────────────────
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

position though it was at the insistence of the board of directors. Employees had filed sexual harassment charges against him. While there was conflicting evidence whether Mrs. Coiner had a role in having Mr. Coiner dismissed, the court resolved these in her favor.

Both parties agree that the standard of review on the issue of imputing income is one of abuse of discretion. See Steinberg v. Steinberg, 11 Va. App. 323, 329, 398 S.E.2d 507, 510 (1990). The wife having prevailed, we view the evidence in the light most favorable to her. In doing so, we find evidence from which the trial court could find that the husband voluntarily put his job at risk by improper conduct toward employees. Accordingly, the court did not abuse its discretion in imputing income to Mr. Coiner.

Mrs. Coiner had not worked for five years before the separation. Upon separating she moved to Hampton and secured employment as a school nurse. Though this job might have paid her less that what she earned in 1991 when last employed in Richmond, the trial court did not abuse its discretion when it found that she was not underemployed. She had custody of her two school-aged children, and the position she took allowed her schedule and their schedules to coincide. Mr. Coiner presented no evidence that positions were available in Hampton that offered the salary she had received in Richmond in 1991. It was not an abuse of discretion to decline to impute income to her.

Mr. Coiner objects to valuing assets as of the date the

depositions were taken because Mrs. Coiner had completely depleted her IRA by then. Code § 20-107.3 establishes the date of the evidentiary hearing as the date at which to determine value. It sets the date at a point that will provide the most current and accurate information while it avoids inequitable results. See Gaynor v. Hird, 11 Va. App. 588, 593, 400 S.E.2d 788, 790-91 (1991). While Mr. Coiner contends the evidence shows that Mrs. Coiner wasted the asset, other evidence showed that she expended it for necessary living expenses. The evidence did not show as a matter of law that inequitable results would result from using the date of the hearing. Accordingly, the court did not abuse its discretion in using that date.

Mr. Coiner argues that the court erred in denying him credit for mortgage payments made during separation. The husband never presented evidence of the amount that these payments curtailed the principal. During the period for which he claims a credit, he had the use and possession of the marital home and resided in it. The trial court did not abuse its discretion in denying a credit for the mortgage payments.

Finally, Mr. Coiner argues that the trial court erred in not considering the tax consequences of distributing his IRA. The decree distributed the entire IRA to him and did not mandate any early withdrawal. It also shows that the trial court did consider all factors set forth in Code § 20-107.3(E) when decreeing equitable distribution. Finding no error, we affirm.

Affirmed.