COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:    Judges Petty, McCullough and Decker
Argued by teleconference


ROBERT C. DAVID

                                                          OPINION BY
v.        Record No. 0653-12-2          JUDGE STEPHEN R. McCULLOUGH
                                                         JANUARY 20, 2015
CHERI GINA DAVID


UPON REMAND FROM THE SUPREME COURT OF VIRGINIA

FROM THE CIRCUIT COURT OF HANOVER COUNTY
J. Overton Harris, Judge

Lawrence D. Diehl for appellant.

John H. Kitzmann for appellee.


        Two issues remain on remand from the Supreme Court. First, husband assigns error to

the trial court's classification of a portion of a brokerage account as marital property. Husband

contends that wife showed neither substantial appreciation nor significant personal effort on his

part with regard to the account. Second, husband assigns error to the valuation date the trial

court used for the account. For the reasons noted below, we affirm in part, reverse in part, and

remand to the trial court for further proceedings consistent with this opinion.

                                        BACKGROUND

        Husband and wife were married for a little over eight years, counting from the date of

their marriage on November 16, 2002, to December 3, 2010, when husband filed for divorce.

When they married, husband owned a brokerage account with a value of $234,783.16. Wife

testified that during their marriage, husband devoted long hours to researching emerging

companies and trading stocks. Husband spent his career in the financial services industry. He

worked as a branch manager, manager, and financial advisor for Prudential Financial Securities. For a time, he worked for a firm that specializes in helping financial advisors. Wife testified that researching stocks "is what he was doing with his time." Husband, however, testified that he "seldom" made trades on the account and that he invested for the long term.

Relying on an account statement from December 2010, the trial court found that the "value of the account increased significantly during the marriage, from approximately $234,783 to $551,521." The trial court also found that the entire $316,521 increase in the value of the account constituted marital property. The court awarded half of the increase in value, $158,260, to wife.

Relying on this Court's precedent, a panel of this Court held that wife failed to meet her burden of proving that husband's efforts caused the account to substantially appreciate. David v. David, No. 0653-12-2, 2012 Va. App. LEXIS 368, at *6-8 (Va. Ct. App. Nov. 20, 2012). The Supreme Court reversed, holding that Code § 20-107.3(A)(3)(a) requires the non-owning spouse to prove that the separate property substantially appreciated during the marriage and that the owning spouse expended significant personal effort with regard to the separate property during the marriage. David v. David, 287 Va. 231, 241, 754 S.E.2d 285, 291 (2014). The burden then shifts to the owning spouse to disprove causation, that is, to show that the increase is attributable to a factor other than the owning spouse's personal effort. Id.

## ANALYSIS

### I. CLASSIFICATION OF THE BROKERAGE ACCOUNT

The first step in an equitable distribution consists in classifying property as marital, separate, or part marital and part separate. Code § 20-107.3(A). There is no dispute here that husband owned the brokerage account before the marriage. Code § 20-107.3(A)(1) (defining separate property as property "acquired by either party before the marriage"). Therefore, it is presumptively separate property. That, however, does not end the inquiry.

In some circumstances, when separate property has increased in value during the marriage, all or part of the increase in value can be treated as marital. Code § 20-107.3(A)(3)(a) provides as follows:

> In the case of the increase in value of separate property during the marriage, such increase in value shall be marital property only to the extent that marital property or the personal efforts of either party have contributed to such increases, provided that any such personal efforts must be significant and result in substantial appreciation of the separate property.

> For purposes of this subdivision, the nonowning spouse shall bear the burden of proving that (i) contributions of marital property or personal effort were made and (ii) the separate property increased in value. Once this burden of proof is met, the owning spouse shall bear the burden of proving that the increase in value or some portion thereof was not caused by contributions of marital property or personal effort.

Applying the Supreme Court's guidance in this case, wife had the burden of proving (1) that the brokerage account substantially appreciated during the marriage, and (2) that husband expended significant personal efforts in managing this account. The burden then shifted to husband to prove that the increase in the value of the account was attributable to something other than his own efforts, such as appreciation due to market forces.

We are mindful on appeal that "the trial court's classification of property is a finding of fact, that classification will not be reversed on appeal unless it is plainly wrong or without evidence to support it." Ranney v. Ranney, 45 Va. App. 17, 31-32, 608 S.E.2d 485, 492 (2005).

A. Wife met her burden of proving a substantial increase in the value of the brokerage account.

For a portion of the brokerage account to be classified as marital property, wife had to show that the value of the stock account substantially appreciated during the marriage. Code § 20-107.3(A)(3)(a). The trial court found that the account's value rose from $234,783, before the parties were married, to $551,521, the value on the day husband and wife separated. By any measure, an appreciation of this magnitude during an eight-year period is substantial.

Husband argues that wife presented no evidence beyond her introduction of financial statements to prove that the appreciation was substantial. He points out that wife neither testified in this regard, nor did she offer any expert testimony. Substantial appreciation, however, is not a term of art. The increase in the account from $234,783 to $551,521 speaks for itself. The trial court could rely on the financial statements showing the significant growth in the account's value to reach a conclusion that the appreciation during the marriage was significant for purposes of Code § 20-107.3(A)(3)(a). The trial court's determination regarding the substantial increase in value of the account cannot be said to have been plainly wrong or without evidence to support it.

B. The evidence supports the trial court's conclusion that husband expended significant efforts in managing the account.

Wife also was required to establish that husband expended significant personal efforts with regard to the brokerage account. Id. The Code defines personal efforts as "labor, effort, inventiveness, physical or intellectual skill, creativity, or managerial, promotional or marketing activity." Id. The selection of stocks after careful research certainly qualifies as "labor, effort, [and] intellectual skill" within the plain meaning of those terms.

To qualify, however, the personal effort must be *significant* and it must substantially affect the value of property. Id. "'Significant' is defined as 'having or likely to have influence or effect; deserving to be considered; important, weighty, notable.'" Martin v. Martin, 27 Va. App. 745, 755, 501 S.E.2d 450, 455 (1998) (en banc) (quoting Webster's Third New International Dictionary 2116 (1981)). "[C]ustomary care, maintenance, and upkeep" of separate property does not qualify as significant personal efforts. Id. at 756, 501 S.E.2d at 455. In the context of a stock account, routine adjustments to the portfolio – adding to stocks that are performing well and culling underperforming stocks – does not constitute significant personal effort.

The financial records show that during the eight years of marriage – a period of ninety-six months – husband made a total of thirty-five trades. The number of trades is not particularly high, and alone, is not dispositive. Husband could have placed a relatively small number of buy and sell orders that reflected a great deal of time, effort, and skill researching particular stocks. Wife testified that husband spent hours researching stocks and portrayed husband as deeply absorbed with his stock account. The trial court accepted this version of events, and we must view the evidence in the light most favorable to wife. Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003). Applying this standard, we conclude that the trial court could credit wife's testimony about husband's extensive research activity and the documents showing the purchase and sale of stocks to conclude that husband had expended significant personal effort in connection with the brokerage account. See Courembis v. Courembis, 43 Va. App. 18, 33, 595 S.E.2d 505, 513 (2004). Because we cannot say that the trial court's decision was plainly wrong, we will not disturb it on appeal.[1]

---

[1] At oral argument on remand, counsel for husband highlighted the fact that the definition of "personal effort" in Code § 20-107.3 specifies that the personal effort must be "applied directly" to the property at issue. According to husband, this phrase means that the spouse who

- 5 -

C. Whether the increase in value is attributable to husband's efforts or to some other factors.

Once wife established that the brokerage account significantly increased in value and that husband made significant personal efforts with regard to the account, it was incumbent on husband to shoulder the burden of proving that the increase in value occurred for reasons other than his personal efforts. David, 287 Va. at 241, 754 S.E.2d at 291. In this connection, we note that at the oral argument following the remand from the Supreme Court, this Court inquired whether either party desired to present additional evidence to the trial court. Both parties declined that opportunity. Accordingly, we remand this case for the trial court to determine, based on the existing record, whether the increase in value was caused by husband's significant efforts or whether that increase in value occurred for some other reason.

## II. VALUATION DATE OF THE BROKERAGE ACCOUNT

Husband also assigns error to the trial court's decision to employ the date of separation as the date of valuation for the brokerage account. Under Code § 20-107.3(A),

> The court shall determine the value of any such property as of the date of the evidentiary hearing on the evaluation issue. . . . Upon motion of either party made no less than 21 days before the evidentiary hearing the court may, for good cause shown, in order to attain the ends of justice, order that a different valuation date be used.

We have observed that "the trial judge in evaluating marital property should select a valuation 'that will provide the Court with the most current and accurate information available which avoids inequitable results.'" Gaynor v. Hird, 11 Va. App. 588, 593, 400 S.E.2d 788, 790-91

---

owns the property must be personally involved in increasing the value of the property at issue, for example, by managing a business or personally renovating a home. He notes that the stocks here rose in value due to the efforts of the companies themselves rather than any effort by husband. Whatever the merits of this specific argument might be, a point on which we express no opinion, it was not advanced at trial or in the briefs before this Court. Accordingly, we do not consider it. See Rule 5A:18.

(1991) (quoting <u>Mitchell v. Mitchell</u>, 4 Va. App. 113, 118, 355 S.E.2d 18, 21 (1987)).  The trial court valued the brokerage account at the time the divorce complaint was served on the wife, in December 2010.  The court heard evidence on October 20 and November 3, 2011.  By September 2011, the statement closest to the evidentiary hearing, the account's value had decreased to roughly $392,094.  The record suggests that this was due in significant part to the fact that husband made withdrawals from the account to pay for his expenses.

The record does not disclose why the court employed a valuation date that was almost one year old.  Code § 20-107.3(A) allows a court to select an alternate valuation date "for good cause shown."  Once a valuation date is selected, the trial court's decision is reviewed for abuse of discretion.  <u>Thomas v. Thomas</u>, 40 Va. App. 639, 647, 580 S.E.2d 503, 506 (2003).  The trial court held that there was "no evidence that either party dissipated marital assets" and did "not consider this factor further."  Therefore, this case does not present a situation where a trial court selected an alternate valuation date as a result of dissipation of marital funds.  <u>See</u> <u>Smith v. Smith</u>, 18 Va. App. 427, 430, 444 S.E.2d 269, 272 (1994) ("One recognized justification for altering the evaluation date is a showing of dissipation of marital assets.").  With no showing of good cause for an alternate valuation date appearing in the record, we hold it was error on this record to employ a valuation date from December 2010 for a hearing that occurred in October and November 2011.  Neither party requested an alternative valuation date within 21 days of the evidentiary hearing.  Accordingly, on remand, the court should value the account based on the account statement that is closest to the date of the evidentiary hearing date of November 3, 2011, the latter of the two dates on which the court accepted evidence.

CONCLUSION

We affirm the trial court's classification of the increase in the value of the brokerage account as marital property.  On remand, the court, valuing the account as of the statement date that is

closest to November 3, 2011, should assess whether, on the present record, the increase in the account is attributable to husband's personal efforts or whether it is due to unrelated factors. Finally, we leave to the trial court's discretion whether it should reconsider the equitable distribution award in light of our decision.

Affirmed in part,
reversed in part,
and remanded.